IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                   ORDER

    v.                           08-cr-123-bbc-02

RANDY RUTH,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Randy Ruth's probation was held on September 2, 2011, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Daniel J. Graber. Defendant was present in person and by counsel, Dennis Sieg. Also present was Senior U. S. Probation Officer Helen Healy Raatz.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 7, 2009, following his conviction for conspiracy to make, utter and possess counterfeited securities of an organization with intent to deceive, in violation of 18 U.S.C. § 513(a), all in violation of 18 U.S.C. §§ 371 and 2. This offense is a Class D felony. Defendant was ordered to serve three years' probation.

On June 7, 2011, defendant violated the mandatory condition prohibiting him from

committing any new federal, state or local crimes and Standard Condition No. 1, prohibiting him from traveling outside the district, when he traveled to the Eastern District of Wisconsin without permission, and violated City of Brookfield Ordinance 9.04.010 (fraud), by obtaining $49.50 worth of gasoline and leaving before paying. Defendant violated Standard Condition No. 9 prohibiting him from associating with any person convicted of a felony without permission, when he had repeated and ongoing contact without permission with felon Amanda Ferch between September 2010 and July 22, 2011. On July 22, 2011, defendant violated Standard Condition No. 3, requiring him to report to the probation officer as directed, when he failed to contact the probation office. On July 14, 2011, defendant violated Special Condition No. 7, requiring him to participate in substance abuse treatment, when he failed to show up for a scheduled substance abuse counseling session. Defendant violated Special Condition No. 8, requiring him to participate in mental health counseling and follow the recommendations of his mental health provider, when he revoked authorization to release information from his mental health provider to the probation office, and when he failed to follow his mental health provider's recommendation to participate in a transition housing program.

Defendant's most serious conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke probation or (B) extend the term of probation, modify the conditions of supervision upon the finding of a Grade C violation or both extend probation and modify the conditions.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is I. With a Grade C violation, he has an advisory guideline range of imprisonment of 3 to 9 months. Defendant's original offense was a Class D felony. Because he received a probation sentence, the statutory maximum imprisonment sentence defendant may receive if probation is revoked is five years.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the middle of the guideline range. A six-month custody sentence is necessary to serve as a deterrent to defendant and protect the community.

## ORDER

IT IS ORDERED that the period of probation imposed on defendant on January 7, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 6 months with a 36-month term of supervised release to follow. With the exception of Special Condition No. 1, all standard and special conditions of probation previously imposed shall remain in effect.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this 6th day of September 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge